**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ALICIA LOUISE FORD,<br>    Appellant, | DOCKET NUMBER<br>DC-0752-20-0158-I-2 |
|         v. | |
| DEPARTMENT OF AGRICULTURE,<br>    Agency. | DATE: September 5, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Marc J. Smith</u>, Esquire, Rockville, Maryland, for the appellant.

<u>John W. Montgomery</u>, Esquire, Alexandria, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly found that the appellant failed to demonstrate a due process violation.

The appellant argues that the agency violated her due process rights when both the proposing and deciding official considered information not included in its notice of proposed removal. Petition for Review (PFR) File, Tab 3 at 12-17. The administrative judge addressed this issue and found that the appellant failed to prove by preponderant evidence that a due process violation occurred. Refiled Appeal File (RAF), Tab 8, Initial Decision (ID) at 10-13. We agree with the administrative judge's conclusion.[2]

---

[2] Although unclear, to the extent the administrative judge applied a harmful error analysis to the due process question, we find this was erroneous. ID at 13 (finding that the appellant failed to show how the outcome would have been different in the absence of the alleged due process violation). The determination as to whether a due process violation occurred is not subject to a harmful error analysis. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999). However, as set forth below, because we agree with the administrative judge that no due process violation occurred, any error by the administrative judge was immaterial. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

*The appellant failed to demonstrate that the deciding official violated her due process rights.*

Procedural due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence and the deciding official considers new and material information not included in the proposal; therefore, it is constitutionally impermissible to allow a deciding official to receive additional material information that may undermine the objectivity required to protect the fairness of the process. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999). However, not every ex parte communication is a procedural defect so substantial and so likely to cause prejudice that it undermines the due process guarantee and entitles the claimant to an entirely new administrative proceeding; rather, only ex parte communications that introduce new and material information to the deciding official will violate the due process guarantee of notice. *Id*. at 1376-77. There is nothing inherently wrong with a deciding official having background knowledge of an employee's prior work history or performance record. *Norris v. Securities & Exchange Commission*, 675 F.3d 1349, 1354 (Fed. Cir. 2012). A deciding official's knowledge of an employee's background only raises due process concerns when that knowledge is a basis for the deciding official's determinations on either the merits of the underlying charge or the penalty to be imposed. *Id.*

The appellant argues that the deciding official considered ex parte information regarding the appellant's job performance. Initial Appeal File (IAF), Tab 12 at 9-12; PFR File, Tab 3 at 13. She further argues that the *Douglas* factors worksheet attached to her removal decision contained new and material information not contained in the notice of proposed removal, such as a suggestion that the appellant's performance was not satisfactory and that she repeatedly made disparaging remarks about coworkers and supervisors. PFR File, Tab 3 at 13-14; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (setting forth the factors relevant for consideration in determining the

appropriateness of a penalty). The administrative judge credited the deciding official's testimony that the *Douglas* factors sheet was an erroneous draft and that, as reflected in the written removal decision, she considered only the proper charge and relevant factors. ID at 13. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The Board must give "special deference" to an administrative judge's demeanor-based credibility determinations, "[e]ven if demeanor is not explicitly discussed." *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016).

At the hearing, the deciding official testified that numerous comments and errors on the *Douglas* factors worksheet were included by mistake due to copy-and-paste errors and using a previous *Douglas* factors worksheet. RAF, Tab 7, Hearing Recording (HR) 2 at 52:00 (testimony of the deciding official). She further testified that she had a question as to whether the appellant's performance was acceptable, but upon further inquiry, she determined it was acceptable and considered it a mitigating factor. HR 2 at 1:34:00 (testimony of the deciding official); IAF, Tab3 at 14. Finally, the deciding official testified that the *Douglas* factors worksheet was an unfinished draft and that the decision letter was a more accurate reflection of the aggravating and mitigating factors she considered in removing the appellant. HR 2 at 1:45:00 (testimony of the deciding official). Although the *Douglas* factors worksheet incorrectly addressed the appellant's 28 years of service as aggravating, the decision letter indicates that

the deciding official properly considered this as mitigating in the final analysis.[3] IAF, Tab 3 at 8, 13. Similarly, although a question was raised as to whether the appellant's performance was aggravating or mitigating, the deciding official properly considered it as mitigating in the removal decision. *Id.* at 8, 14.

On review, the appellant argues that a "reasonable inference" can be drawn that the deciding official's removal decision was influenced by her perception of the appellant's job performance, which was influenced by negative information from an agency human resources manager. PFR File, Tab 3 at 13, 16. She further argues that, based on the reference to prior disparaging remarks made by the appellant on the *Douglas* factors worksheet, "it is readily apparent" that this information influenced the deciding official's removal decision. *Id.* at 16. The appellant's mere suggestion to the contrary, without more, does not demonstrate sufficiently sound reasons for disturbing the administrative judge's credibility determination that the deciding official did not consider any of the erroneous information contained on the *Douglas* factors sheet. *See Purifoy*, 838 F.3d at 1372-73; *Haebe*, 288 F.3d at 1301. Accordingly, we find no reason to disturb the administrative judge's conclusion, which is based in large part on the removal decision itself and the deciding official's credible testimony that the appellant failed to prove by preponderant evidence that the deciding official impermissibly considered ex parte information in making her removal determination.[4] ID at 13; *see Norris*, 675 F.3d at 1354 (finding that a deciding official's knowledge of an employee's background or performance record only raises due process concerns when that information is a basis for making a determination on the merits or the penalty).

---

[3] It is improper for an agency to view an appellant's lengthy tenure as an aggravating, rather than mitigating, factor because she "should have known better"; the Board does not endorse an approach under which the longer a person works, the more likely it is that a single misstep will be fatal to her career. *Shelly v. Department of the Treasury*, 75 M.S.P.R. 677, 684 (1997).

[4] All mitigating and aggravating factors referenced in the decision letter were previously set forth in the proposed removal. IAF, Tab 3 at 7-11, 31-35.

*The appellant failed to demonstrate that the proposing official violated her due process rights.*

The appellant additionally argues on review that the proposing official received numerous ex parte communications prior to issuing the notice of proposed removal, including that the appellant was suspected of leaving work early, had unacceptable performance, had previously sent inappropriate emails, and had difficulty working with people. PFR File, Tab 3 at 12. The administrative judge found that the appellant failed to present evidence that this information obtained by the proposing official was passed on or otherwise considered by the deciding official. ID at 12.

Typically, impermissible ex parte communications involve a deciding official learning of, or otherwise knowing, negative information about an appellant not referenced in a proposal notice. *See Ward v. U.S. Postal Service*, 634 F.3d 1274, 1278 (Fed. Cir. 2011) (considering the deciding official's ex parte communications with three supervisors and one manager during which he learned of several alleged past instances of misconduct by the appellant); *Stone*, 179 F.3d at 1372-73 (considering ex parte memoranda received by the deciding official from the proposing official and another agency official urging the appellant's removal); *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 10 (2011) (finding a due process violation when the deciding official considered misconduct not mentioned in the notice of proposed removal but personally known to the deciding official). Here, the proposing official testified that he received negative information from other agency employees about the appellant that "of course" gave him an opinion and became a part of the narrative in determining the penalty. HR 5 at 27:00 (testimony of the proposing official). He further testified that he did his best to separate out the facts of this case from others' opinions of the appellant but that you cannot "un-know what you know." HR 5 at 27:30 (testimony of the proposing official). However, there is no evidence that the information learned by the proposing official was relayed to the deciding official.

This case is therefore distinguishable from precedent like *Ward*, *Stone*, and *Lopes* in that there is no evidence that the impermissible evidence was passed on to or considered by the deciding official.

Moreover, the appellant has failed to cite, and we have been unable to find, any case finding a due process violation involving ex parte information solely obtained and considered by a proposing official. In the absence of evidence that such information was passed to the deciding official, we find no impermissible due process violation.

The essential requirements of due process are notice and an opportunity to respond. *Stone*, 179 F.3d at 1375 (quoting *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542-46 (1985)). Indeed, the "Supreme Court expressly noted that the need for a meaningful opportunity for the public employee to present his or her side of the case is important in enabling the agency to reach an accurate result . . . not only to the issue of whether the allegations are true, but also with regard to whether the level of penalty to be imposed is appropriate." *Stone*, 179 F.3d at 1476 (citing *Loudermill*, 470 U.S. at 543). The appellant here was given notice of the charges and factors considered in enacting her removal by the deciding official, and she was able to respond both about the truth of the charges and the appropriateness of the penalty. IAF, Tab 3 at 21-29. Accordingly, the appellant was provided with the essential due process requirements, and any information obtained by the proposing official prior to issuing the proposal that was not passed on or considered by the deciding official did not undermine the objectivity required to protect the fairness of the process. *See Stone*, 179 F.3d at 1377 (finding that the ultimate inquiry is whether an ex parte communication is "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances").[5]

---

[5] Because we agree with the administrative judge's findings that the deciding official did not consider ex parte information, we also conclude that the appellant failed to establish that an error occurred, and thus her arguments also fail under a harmful

The appellant's remaining arguments on review are unpersuasive.

The appellant additionally argues that the administrative judge abused her discretion when she declined to afford any weight to the deciding official's *Douglas* factors worksheet. PFR File, Tab 3 at 10-12. The appellant's argument is effectively a reframing of the argument that the deciding official improperly applied the *Douglas* factors in reaching her removal decision. *Id.* As discussed above, the administrative judge credited the deciding official's testimony that, despite the clear errors in the worksheet, she properly considered the relevant aggravating and mitigating factors on review. ID at 12-13. Thus, we interpret the administrative judge as finding that the *Douglas* factors worksheet was "not entitled to much weight or consideration." ID at 13. We note, however, that the administrative judge also stated that, due to the errors on the worksheet, it was "not entitled to any weight." ID at 14. Nonetheless, we find that this distinction does not provide a sufficiently sound reason to disturb the administrative judge's determination that the deciding official properly considered the relevant factors based in large part on the credibility of the deciding official's testimony. ID at 13; *see Haebe*, 288 F.3d at 1301 (finding that the Board may overturn credibility determinations only when it has "sufficiently sound" reasons for doing so). Moreover, as set forth above, we agree with the administrative judge that the deciding official properly considered the relevant factors in issuing the removal decision. IAF, Tab 3 at 8-9; ID at 13.

The appellant further asserts that the agency committed harmful procedural error when it failed to provide all of the materials relied upon in support of its charge against the appellant. PFR File, Tab 3 at 8-10. Specifically, the appellant asserts that the agency failed to provide the proposing official's handwritten notes from the meeting that led to her removal. *Id.* The administrative judge addressed

procedural error theory. *Cf. Ward*, 634 F.3d at 1281-83 (instructing that, when consideration of ex parte communications has occurred but that consideration does not rise to the level of a due process violation, the Board still must consider whether the agency's procedural error constituted harmful error).

this argument and found that the deciding official did not receive or rely on any handwritten notes in reaching her removal decision. ID at 11. Thus, the notes were not part of the materials relied upon by the agency in supporting its charge against the appellant. Moreover, the administrative judge found that the appellant failed to show how, had she been given the handwritten notes, the agency would have reached a conclusion different from the one it would have reached absent any error. ID at 10-11. The appellant's petition for review merely resubmits arguments on this issue that she raised with the administrative judge. IAF, Tab 12 at 6-7; PFR File, Tab 3 at 8-10. The appellant has not identified any error on the part of the administrative judge; she merely seeks a different outcome on review. We find her arguments unpersuasive and decline to disturb the administrative judge's findings.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.